IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-00437-WJM

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

v.

1.    **MARK URIBES,**

          **Defendant.**

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Emily Treaster, Assistant United States Attorney for the District of Colorado, and the defendant, Mark Uribes, personally and by counsel, Mary Butterton, Assistant Federal Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

A.    *Defendant's Obligations*

The defendant agrees to plead guilty to Count Two of the Indictment, Possession with Intent to Distribute/Distribution of Methamphetamine (50 actual grams and more), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). The defendant further agrees to waive his appellate rights, as detailed below.

B.    *Government's Obligations*

In exchange for the defendant's plea of guilty, the government agrees as follows: (1) to recommend the Court give the defendant full credit for acceptance of

1

**Court Exhibit**

**1**

responsibility per U.S.S.G. § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; (2) to recommend a sentence at the bottom of the advisory guideline range as calculated by the Court;[1] and (3) to move to dismiss Count One at the time of sentencing.

   C.   *Defendant's Waiver of Appeal*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 29; or (3) the government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the

---

[1]   Mr. Uribes will argue that while the guidelines may recommend a guideline range that incorporates the purity of the possessed methamphetamine, the Court should instead base its sentence using the guideline for a mixture/substance containing methamphetamine.  Should the Court agree with that argument, the government will not oppose a sentence at the bottom of that guideline range.

defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)

*First*:   the defendant knowingly or intentionally possessed a controlled substance as charged.

*Second*:   the substance was in fact methamphetamine.

*Third*:   the defendant possessed the substance with the intent to distribute it.

*Fourth*:   the amount of the controlled substance possessed by the defendant was at least 50 grams and more of methamphetamine (actual).

## III. STATUTORY PENALTIES

The maximum statutory penalties for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) are not less than 10 years' imprisonment and not more than life imprisonment; not more than a $10,000,000 fine, or both; not less than five years' supervised release and not more than a lifetime of supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, to be denied admission to the United States, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

In January 2018, ATF received information from a criminal informant that Mark Uribes, a Crenshaw Mafia gang member, was selling drugs and firearms in the Denver metropolitan area.[2]  Between January 31 and February 9, 2018, the defendant discussed selling methamphetamine to an individual; that individual was, in actuality, an ATF undercover agent.   The defendant agreed to sell the undercover half a pound of methamphetamine for $2,500.   He explained that his methamphetamine sources of supply were from Michoacan, Mexico.

On February 9, 2018, the undercover agent and a second undercover agent arrived at the Buffalo Wild Wings in Aurora, Colorado to meet with the defendant.   They followed his car as instructed to a location in Denver.   The undercover agent accompanied the defendant into a house while the other undercover waited in the defendant's vehicle.   The defendant obtained 221.7 grams of methamphetamine (219.4 grams of actual methamphetamine) from a methamphetamine source of supply, which he then sold to the undercover for $2,500.

## VI.     ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.   In determining the particular sentence to be imposed, the Court is required to consider seven factors.   One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

---

[2]     Mr. Uribes denies ever being in a gang.

below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.   To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

        A.      The base guideline is U.S.S.G. § 2D1.1(a)(5), with a base offense level of **32**.

        B.      The following specific-offense characteristic applies: there is a **2**-level enhancement because the offense involved the importation of methamphetamine that the defendant knew was imported unlawfully.

        C.      There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

        D.      The adjusted offense level is therefore **34**.

        E.      <u>Acceptance of Responsibility</u>:   The parties agree that the defendant should receive a **3**-level adjustment for acceptance of responsibility unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing.

        F.      If the defendant meets the criteria set forth in § 5C1.2 ("Safety Valve") and complies with the requirements of § 5C1.2, he will be eligible for a **2**-level decrease to the offense level.

        G.      The resulting offense level therefore would be **29**.

        H.      <u>Criminal History Category</u>:   The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information

currently available to the parties, it is estimated that the defendant's criminal history category would be II.

   I.  Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

   J.  <u>Imprisonment</u>: The advisory guideline range resulting from these calculations is **97 to 121** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 87 months (bottom of Category I) to 188 months (top of Category VI).

The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

   L.  <u>Fine</u>: Pursuant to guideline § 5E1.2, under the estimated offense level calculated above, the fine range for this offense would be **$30,000 to $300,000**, plus applicable interest and penalties.

   M.  <u>Supervised Release</u>: Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is five years.

   N.  There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by

7

the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or

assurances not expressly stated in this agreement.

Date: 08-04-20

_____
Mark Uribes
Defendant

Date: 8/4/20

_____
Mary Butterton
Attorney for Defendant

Date: __7/27/20_____

/s/ Emily Treaster_____ 8/4/20
Emily Treaster
Assistant U.S. Attorney

9