IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-437-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARK URIBES,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following response to the defendant's sentencing statement. [Dkt #34].

### Methamphetamine Guidelines

The Government objects to the use of the mixtures-and-substances Guidelines when the substance at issue is nearly 100% pure methamphetamine. While the Government recognizes that, in some cases, the Court has varied downward to the mixtures-and-substances Guideline, the Government maintains this is not the case in which to grant that leniency.

The defendant argues that he was not a "high-level dealer" and "does not normally deal in methamphetamine." [Dkt #34 p. 8]. But the defendant appears to have had a direct link to a source-of-supply in Mexico for nearly entirely pure methamphetamine. For someone that normally deals only in cocaine, the defendant seems to have had little trouble locating a source willing to supply him with high-quality

1

methamphetamine. Even if the Court might conclude that the "ice" Guidelines may be unfair as to some defendants, this logic certainly should not apply to traffickers with direct links to Mexican sources of supply.

## Section 3553(a) Factors

The defendant argues for a variance primarily based on his personal circumstances, including his childhood medical conditions, and his stressful home life, which includes raising four children. He further argues that he is a changed man from when he committed the offense conduct in this case.

None of this counsels for a variance. Unfortunately, defendants before this Court often carry with them difficult personal circumstances. Indeed, the defendant seems to have overcome his medical issues and is now in good health. He was raised by a mom and grandmother who appear to have loved and cared for him, and he now has a stable family life. There is simply no excuse for turning to crime. The defendant should have—but clearly did not—learn that lesson during his first go-around in federal court.

That the defendant *now* claims to have reformed his life rings hollow. First, between the offense conduct and the indictment in this case, the defendant accrued a misdemeanor conviction for child abuse. Second, claiming to be law-abiding while on lengthy pretrial release is not an accomplishment worth bragging about. Rather, obeying the law while on bond is the minimum expected of people in the defendant's position.

Simply, this is not a case that demands such leniency. The Guidelines range of 97-121 months' imprisonment is not out of line with the offense conduct and the defendant's criminal history. The Government's recommendation at the bottom of the

Guidelines is sufficient but not greater than necessary to serve the aims of sentencing.

Respectfully submitted this 11th day of February, 2021.

        JASON R. DUNN
        United States Attorney

By:    *s/ Andrea Surratt*
       Andrea Surratt
       Assistant United States Attorney
       U.S. Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       Telephone: (303) 454-0100
       e-mail: Andrea.Surratt@usdoj.gov