IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   19-cr-00437-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MARK URIBES,

       Defendant.

## RESPONSE TO GOVERNMENT'S SENTENCING STATEMENT (DOC. 35)

Mr. Mark Uribes, through his attorney Mary V. Butterton, respectfully responds to the Government's Sentencing Statement as ordered by this Court in Doc. No. 40.

1. **The evidence reflects a single transaction of methamphetamine sale.**

The Government argues that the "ease with which the defendant acquired drugs at the UC's request suggests that the defendant's drug dealing was neither fleeting nor intermittent.' Doc. 35 at 3. But Mr. Uribes himself told the undercover officer that he did not typically sell methamphetamine. And, while other potential future transactions were discussed- as one would expect from a person attempting to bolster his importance to a customer- there is no evidence that any other transaction, involving either drugs or firearms, ever took place.

2. **Purity is not an indicator of proximity to a source of supply.**

The Government argues that because the methamphetamine in question was nearly 100% pure, he is more culpable than "someone who receives the drugs downstream." This argument reflects two fundamental misunderstandings. First, this

statement is not reflective of the evidence in this case, none of which reflects that Mr. Uribes has a single dealer "downstream" of him. Second, the implication that purity is reflective of rank shows a misunderstanding of the data on methamphetamine purity in the United States today. In its 2019 National Drug Threat Assessment,[1] the Department of Justice itself has acknowledged that the average purity of all methamphetamine in the United States has been greater than 95% since 2013:



---

[1] 2019 National Drug Threat Assessment was prepared by the Department of Justice Drug Enforcement Administration's Strategic Intelligence Division; it is available in full at https://www.dea.gov/sites/default/files/2020-02/DIR-007-20%202019%20National%20Drug%20Threat%20Assessment%20-%20low%20res210.pdf (accessed February 11, 2021).

Methamphetamine in the United States, is not "cut and diluted," and Mr. Uribes' possession of nearly-pure meth does not mean that he isn't himself "downstream." One transaction with an agent, in which he bragged of knowing people from Mexico, does rise to the implication that he is a big-time drug dealer. It means he knows Mexican people- not shocking in that he himself is Hispanic- and knew from whom he could acquire methamphetamine. The Government's attempts to paint Mr. Uribes as a large-scale dealer fail.

### 3. The parsimony clause of 18 U.S.C. §3553 supports a sentence of 57 months.

The Government argues that Mr. Uribes doesn't deserve the "leniency" of a variance to 51 months, but yet has agreed to request that sentence should the Court disagree with the methamphetamine guidelines on policy grounds. The parsimony clause of 18 U.S.C. § 3553 requires this Court to impose the lowest sentence necessary to meet the statutory sentencing factors. A sentence of 51 months is ample punishment for this non-violent offense. Given his history, documented need for drug treatment, and history of success when provided with structure, the Court should impose that sentence here.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Mary V. Butterton*
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_butterton@fd.org
Attorney for Defendant

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Emily Treaster, Assistant United States Attorney
    Email: emily.treaster@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mark Uribes (via U.S. Mail)

                            *s/ Mary V. Butterton*
                             MARY V. BUTTERTON
                             Assistant Federal Public Defender
                             633 17th Street, Suite 1000
                             Denver, CO  80202
                             Telephone:  (303) 294-7002
                             FAX:  (303) 294-1192
                             Mary_Butterton@fd.org
                             Attorney for Defendant